**David Lincoln REED, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 22448.

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1965.

228

David Lincoln Reed, in pro. per.

Stan McMurry, Asst. U. S. Atty., Dallas, Tex., Melvin M. Diggs, U. S. Atty., for appellee.

Before JONES, Senior Judge,* GEWIN and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellant contends that he did not voluntarily enter a plea of guilty with understanding of the nature of the charge against him. See Rule 11, F.R. Crim.P. The plea was entered on September 26, 1963 on an information charging him with transporting a stolen automobile in interstate commerce knowing the same to have been stolen, in violation of Title 18 U.S.C.A. § 2312. He also contends that he was denied the advice and assistance of counsel when he entered the plea.

His petition under 28 U.S.C.A. § 2255 was dismissed by the District Court without a hearing on the ground that it affirmatively appeared from the files and records of the case that appellant entered the plea voluntarily and with full understanding of the nature and consequences of the charges against him, and that he waived counsel when he entered the plea. The District Court was correct with respect to the contention that the plea was not entered voluntarily and with understanding of the

nature of the charge. The same is not true however, as to waiver of counsel.

Rule 44, F.R.Crim.P., provides that "[i]f the defendant appears in court without counsel, the court shall advise him of his right to counsel * * *". All that affirmatively appears from the files and records before us is that appellant was brought before the court by the United States Attorney who informed the court that appellant had indicated a desire to waive indictment, and enter a plea upon an information. Appellant then waived indictment both orally and in writing, and the information was read to him in open court. Thereupon the following transpired:

"THE COURT: Let the defendant stand. Your name is David Lincoln Reed?

"A. Yes, sir.

"THE COURT: How old are you, * * *?

"A. I am 28.

"THE COURT: You heard the information, is your plea guilty or not guilty?

"A. Guilty.

"THE COURT: I now explain to you what you, of course, doubtless understand, that a plea of guilty is an admission on your part that you did the thing you have been charged with. I will further state that you don't have to plead guilty. No one has to plead guilty because they could always demand a trial and in that trial they could have a lawyer and a jury and have witnesses called and if they wanted a lawyer and was not able to hire one the judge would appoint them one if they request it.

"With that information do you demand a trial or do you stay with your plea of guilty?

"A. I want to plead guilty.

"THE COURT: All right. You may be seated and I will hear from the Government.

* Of the Court of Claims, sitting by designation.

"MR. CABAMISS: A copy of the sentence data has been previously given to the defendant in this case.

(Sentence data read by Mr. Cabamiss.)

"THE COURT: Let the defendant stand * * *, is there anything you would like to say before the Court sentences you?

"A. I would like to get somewhere where I could get some help from some psychiatrist."

 It is clear, absent additional proof, that no offer of counsel was made to appellant to advise with him prior to the entry of his plea. It is also clear that no offer of counsel for such purpose was made to him after the plea. The only offer made was of counsel for trial in the event he pleaded not guilty. This falls short of what is required under the Sixth Amendment to the Constitution and also of what is required under Rule 44.[1] See Mills v. United States, 5 Cir., 1950, 185 F.2d 137. And it is settled that this right may be collaterally claimed in a § 2255 proceeding. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; and see Sunal v. Large, 1947, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982, 1983, Fn. 8.

 One of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty. And, of course, it is settled that waiver of counsel in any circumstance is not to be lightly inferred. See Johnson v. Zerbst, supra; and Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. We are unable to find that appellant was offered counsel in connection with his plea, or that he was in any manner directly or indirectly apprised of his right to counsel. In short, we do not

find any basis for a holding that he declined the assistance of counsel; hence, there could be no waiver.

It follows then that appellant was entitled to a hearing, § 2255, supra, and cf. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and the case must be reversed and remanded for such a hearing by the District Court on the contention that he was deprived of counsel at the time of the entry of his plea of guilty. Appellant should be given an opportunity to be present at the hearing, and the District Court in its discretion may wish to appoint counsel to represent him.

Reversed and remanded for further proceedings not inconsistent herewith.

---

1. Rule 44, F.R.Crim.P.:

"If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."