# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2012

No. 11-10748
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plantiff-Appellee

v.

ALEJANDRO TAMAYO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-94
USDC No. 3:05-CR-313-1

Before REAVLEY, JOLLY, and, DAVIS, Circuit Judges.

PER CURIAM:[*]

Alejandro Tamayo, federal prisoner # 34943-177, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for conspiracy to possess with the intent to distribute more than 500 grams of methamphetamine. This court granted a certificate of appealability on the issue whether defense counsel grossly underestimated Tamayo's probable guidelines range of life imprisonment and thereby rendered his guilty plea involuntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tamayo argues that his guilty plea was involuntary because trial counsel grossly underestimated his sentencing exposure.  He contends that counsel erroneously advised him of a guidelines range of 10 to 12 years.  Tamayo asserts that his trial counsel did not understand the sentencing guidelines, as evidenced by counsel's statement in the objections to the PSR that Tamayo faced an offense level of 30 or 31 without assault charges.

With regard to the district court's denial of a § 2255 motion, this court reviews the district court's factual findings for clear error and its conclusions of law de novo.  *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005).  "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole."  *St. Aubin v. Quarterman*, 470 F.3d 1096, 1102 (5th Cir. 2006).  Where the district court's finding in a § 2255 proceeding rests upon credibility determinations made after an evidentiary hearing, this court will not substitute its reading of the evidence for that of the district court.  *United States v. Nixon*, 881 F.2d 1305, 1310 (5th Cir. 1989).

"[A] guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed."  *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogation on other grounds recognized by United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004) (emphasis in original).  As long as the defendant understood the term of imprisonment to which he might possibly be sentenced, he was aware of the plea's consequences.  *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993).  Nevertheless, "[b]y grossly underestimating [the defendant's] sentencing exposure . . ., [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable."  *Grammas*, 376 F.3d at 436-37 (internal quotation marks and citations omitted).

The record supports a finding that counsel did not make an inaccurate predication or grossly underestimate Tamayo's sentence. Tamayo testified that counsel informed him that his sentencing range would be 10 to 12 years with a maximum sentence of 15 years. Counsel testified that he never made such a prediction. Rather, he unequivocally stated that he began the calculation of the guidelines range with a base offense level of 38. Counsel informed Tamayo of the possibility of life imprisonment, and the record also shows that Tamayo was aware of this possibility at the time he entered his guilty plea. Moreover, counsel's objections to the PSR do not provide support for a finding that counsel estimated a sentencing range at 10 to 12 years. In the objections, counsel acknowledged that even if the court granted "each and every objection set forth in this document," Tamayo's offense level would remain at 37. The document did not purport to argue that Tamayo's offense level would be 30 or 31 based on the crime for which he was convicted. Counsel specifically noted that a level 37 would be the minimum possible. He explained at sentencing that he advocated for a sentence with an offense level range of 30 or 31, in the hopes that the district court would depart from the guidelines range.

The record supports the finding by the district court that Tamayo's representations before the trial court as well as the testimony from the evidentiary hearing refute Tamayo's contention that his guilty plea was prompted by his counsel's incorrect assumption that his sentencing range would be 10 to 12 years; thus, the court's finding is not clearly erroneous. *See St. Aubin*, 470 F.3d at 1102. Tamayo's assertion that he entered his guilty plea based on the erroneous advice of counsel was rejected by the district court as incredible, and this court will not disturb the finding. *See Nixon*, 881 F.2d at 1310. Thus, he fails to show that counsel's performance was deficient.

Accordingly, the judgment of the district court is AFFIRMED.