# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41077
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEANIE MARIE SMITH HENGES,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CR-121-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Jeanie Marie Smith Henges pleaded guilty to seven counts of bank fraud. Henges was sentenced to 24 months in prison and ordered to pay a fine and restitution. She appeals, asserting primarily that ineffectiveness of counsel rendered her plea invalid.

The district court did not err by finding that Henges's plea was not induced by any promises outside the plea agreement that the Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would not oppose a sentence of home confinement or would not issue a press release about her conviction. *See United States v. Long*, 722 F.3d 257, 261 (5th Cir. 2013); *DeVille v. Whitley*, 21 F.3d 654, 658 (5th Cir. 1994).  Accordingly, counsel was not ineffective for failing to have those promises memorialized. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Neither was retained counsel ineffective for being absent from Henges's first sentencing hearing due to ankle surgery and complications.  He provided substitute counsel, resolution of a contentious restitution issue was continued, and the sentencing hearing was reopened to allow retained counsel to make whatever arguments he might have made at the original sentencing.  Even if counsel were deemed deficient for not appearing at the first sentencing, no prejudice resulted.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004).

Henges offers only a fatally vague and conclusory contention that retained counsel's health problems and medication resulted in ineffective assistance.  She fails to show how counsel's problems had any specific effect on the proceedings, and her conclusional assertions are "insufficient to overcome the strong presumption of competency and the high burden of actual prejudice required to prove ineffective assistance of counsel."  *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997).

Henges has not shown that the district court abused its broad discretion by denying her motion to withdraw the plea, whether her motion was based on ineffectiveness of counsel or any other factor.  *See United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).  The judgment is AFFIRMED.