ACCEPTED
14-15-00831-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/28/2015 1:25:07 PM
CHRISTOPHER PRINE
CLERK

## CASE NO. 14-15-00831-CR

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/28/2015 1:25:07 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE COURT OF APPEALS**
**FOURTEENTH SUPREME JUDICIAL DISTRICT**
**HOUSTON, TEXAS**

**EX PARTE ANTHONY GILLAN GASTON,**
*Appellant*

**V.**

**THE STATE OF TEXAS,**
*Appellee*

On Appeal from the County Criminal Court at Law No. 6 of Harris County, Texas
Cause No. 1983767

## BRIEF FOR APPELLANT

ORAL ARGUMENT REQUESTED

**BRITTANY CARROLL LACAYO**
TBA No. 24067105
212 Stratford St.
Houston, Texas 77006
Telephone: (713) 504-0506
Facsimile:  (832) 442-5033
Email: Brittany@bcllawfirm.com

**COUNSEL FOR APPELLANT**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                          Anthony Gillan Gaston

PRESIDING JUDGE:                    Hon. Larry Standley
                                    County Criminal Court at Law No. 6
                                    1201 Franklin St., 7th Floor
                                    Houston, Texas 77002

TRIAL PROSECUTOR:                   Devon Anderson
                                    District Attorney
                                    1201 Franklin St.
                                    Houston, Texas 77002

DEFENSE COUNSEL:                    Ira Chenkin
                                    Attorney at Law
                                    8441 Gulf Fwy, Suite 600
                                    Houston, Texas 77017

DEFENSE COUNSEL:                    Michael Moore
(WRIT OF HABEAS CORPUS)             Attorney at Law
                                    P.O. Box 920552
                                    Houston, Texas 77292-0552

STATE'S COUNSELS:                   Bryan V. Acklin  and
(WRIT OF HABEAS CORPUS)             Audia Moses
                                    Harris County Assistant District Attorney
                                    1201 Franklin St.
                                    Houston, Texas 77002

STATE'S COUNSEL ON APPEAL:          Alan Curry
                                    Assistant Harris County District Attorney
                                    1201 Franklin St.
                                    Houston, Texas 77002

DEFENSE COUNSEL ON APPEAL:          Brittany Carroll Lacayo
                                    Attorney at Law
                                    212 Stratford St.
                                    Houston, Texas 77006

ii

**TABLE OF CONTENTS**

Identity of Parties and Counsel.................................................................................... ii

Table of Contents.......................................................................................................... iii

Index of Authorities ..................................................................................................... iv

Statement of the Case .................................................................................................... 1

Request for Oral Argument ........................................................................................... 2

Issue Presented............................................................................................................... 2

       ISSUE ONE: The trial court erred in denying Appellant's First Amended Application for Writ of Habeas Corpus.

Statement of Facts.......................................................................................................... 2

Summary of the Argument ............................................................................................. 5

Argument ........................................................................................................................ 5

Prayer ............................................................................................................................ 10

Certificate of Compliance............................................................................................. 11

Certificate of Service .................................................................................................... 12

# INDEX OF AUTHORITIES

## Cases

*Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005)......................................... 7

*Cantu v. State*, 817 S.W.2d 74 (Tex. Crim. App. 1991)............................................. 6

*Ex parte Chandler*, 182 S.W.3d 350 (Tex. Crim. App. 2005)................................... 6

*Fimberg v. State,* 922 S.W.2d 205 (Tex. App. – Houston [1ˢᵗ Dist.] 1996, pet. ref'd)7

*Hill v. Lockhart,* 474 U.S. 52 (1985) ......................................................................... 7

*I.N.S. v. St. Cyr*, 533 U.S. 289, 323 (2001)................................................................ 8

*Johnson v. State,* 169 S.W.3d 223 (Tex. Crim. App. 2005) ....................................... 7

*Kniatt v. State,* 206 S.W.3d 657 (Tex. Crim. App. 2006)........................................... 5

*Lyles v. State*, 850 S.W.2d 497 (Tex. Crim. App. 1993) ............................................ 6

*Mitchell v. State*, 68 S.W.3d 640 (Tex. Crim. App. 2002) ......................................... 6

*Montgomery v.* State, 810 S.W.2d 373 (Tex. Crim. App. 1990)(op. on reh'g) ........ 6

*Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) ................................................... 6, 7, 8, 9

*United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004). ....................................... 10

## Constitutions, Statutes and Other Authorities

INA § 212 (a)(2)(A)(i)(II). ........................................................................................... 8

TEX. CONST. ART. 1...................................................................................................... 10

U.S. CONST. AMEND VI................................................................................................ 10

U.S. CONST. AMEND XIV.............................................................................................. 10

## STATEMENT OF THE CASE

On or about February 2, 2010, Appellant was arrested in Harris County, Texas, by a deputy of the Harris County Sheriff's Office and charged with the misdemeanor offense of Possession of Marijuana 0-2 ounces. (Supp. C.R. at 3). The charge was filed in the County Criminal Court at Law Number 6 of Harris County, Texas, under cause number 1658128. (Supp. C.R. at 3). Appellant was represented in the trial court by Attorney Ira Chenkin. (Supp. C.R. at 3). On October 5, 2010, pursuant to a plea agreement, Appellant pled guilty to the charge, and the court sentenced Appellant to three days in the Harris County Jail and a fine of one hundred dollars. (Supp. C.R. at 3).

On June 27, 2014, Appellant filed a *pro se* Application for Writ of Habeas Corpus pursuant to 11.09 of the Texas Code of Criminal Procedure. (C.R. at 5). On March 26, 2015, the trial court appointed Michael Moore to represent Appellant on his Application for Writ of Habeas Corpus. (C.R. at 28). A First Amended Application for Writ of Habeas Corpus was filed by Appellant's court appointed counsel. (Supp. C.R. at 3).

On September 10, 2015, the trial court denied the writ of habeas corpus without issuing any findings. (C.R. at 70)(RR. at 5). On September 22, 2015, Appellant timely filed his written notice of appeal. (C.R. at 71).

1

Pursuant to TEX. R. APP. P. 39.7, Appellant requests oral argument in this cause.

**ISSUE PRESENTED**

**ISSUE ONE: The trial court erred in denying Appellant's First Amended Application for Writ of Habeas Corpus.**

**STATEMENT OF FACTS**

Appellant is a natural citizen of the nation of Saint Lucia. (Supp. C.R. at 3). He entered the United States around 1989 under a student visa, which has since expired. (Supp. C.R. at 3). He was eight years old when he moved to the United States and considers it his home. (Supp. C.R. at 6). At the age of 28, he was single and employed at Free Wire Communications as a Market Director. (Supp. C.R. at 6). Today, at 33 years old, he is married and the father of two boys. (Supp. CR. at 6). He is a graduate of Lee College with a 4.0 GPA and he is currently pursing a second degree. (Supp. C.R. at 6). He is a homeowner and has been employed at Turner Industries since 2011 as a Logistics Coordinator. (Supp. C.R. at 6).

On or about February 2, 2010, Appellant was arrested in Harris County, Texas, by a deputy of the Harris County Sheriff's Office and charged with the misdemeanor offense of Possession of Marijuana 0-2 ounces. (Supp. C.R. at 3). The charge was filed in the County Criminal Court at Law Number 6 of Harris County, Texas, under cause number 1658128. (Supp. C.R. at 3). Defense counsel

Ira Chenkin represented Appellant in the trial court. (Supp. C.R. at 3). On October 5, 2010, pursuant to a plea agreement, Appellant pled guilty to the charge, and the court sentenced Appellant to three days in the Harris County Jail and a fine of one hundred dollars. (Supp. C.R. at 3).

In support of his First Amended Application for Writ of Habeas Corpus, Appellant filed an affidavit stating that if he had been informed of the possible immigration consequences, he would have pled not guilty and taken the case to trial. (Supp. C.R. at 7). He also filed an affidavit by his immigration attorney, Erika L. Glenn. (Supp. C.R. at 9). Mr. Gaston retained Ms. Glenn's services on or about March 21, 2014. (Supp. C.R. at 9). Mr. Gaston attempted to obtain lawful immigration status with the United States Citizenship & Immigration Services (USCIS), by submitting an application for Permanent Residence on or about June 7, 2013. (Supp. C.R. at 9). On March 4, 2014, USCIS denied Mr. Gaston's application for Permanent Residence. (Supp. C.R. at 9). In the denial letter, the following charges were identified as grounds for denial: 1.) Guilty Plea, May 13, 2002 in Brazos County, Texas, County Court at Law No. 1, and 2.) Criminal Conviction of Marijuana, October 5, 2010, Harris County, Texas, County Criminal Court at Law No. 6. (Supp. C.R. at 9)(C.R. at 58-59). In her affidavit, Ms. Glenn explained,

Under the Immigration and Nationality Act ("INA") drug related offenses are considered to be serious offenses that prevent one's ability to adjust their immigration status. Therefore, USCIS determined that Mr. Gaston was not qualified to adjust his status. These types of offenses also create bars to an immigrant's ability to pursue other forms of relief as it relates to obtaining lawful immigration status within the United States. Due to his criminal charges, Mr. Gaston falls into one or both categories and he is currently unable to remedy his immigration status.

(Supp. C.R. at 9). Ms. Glenn's affidavit also explained how a reversal of Mr. Gaston's criminal conviction would affect his immigration case.

The reversal of Mr. Gaston's 2010 criminal conviction would greatly benefit his immigration case, as it would allow the Department of Homeland Security (DHS) to reconsider their previous denial based upon the introduction of new evidence. The reversal would also create an avenue of opportunity for other types of immigration relief that currently renders him ineligible.

Mr. Gaston currently has two small children and a wife. On November 20, 2014, DHS issued a Memo on Police for the Apprehension, Detention and Removal of Undocumented Immigrants. In the memo, DHS described four categories of immigrants who would be priorities for detention and removal. Amongst these categories, are immigrants convicted of an offense classified as a felony in the convicting jurisdiction. Since the release of the memo, immigrants with multiple convictions have [been] deported in record number. If Mr. Gaston is able to get his 2010 conviction reversed, he will be eligible to petition USCIS to reconsider his previous application for Permanent Residence Status. He will also be eligible to secure a permissible stay of presence while his immigration case is pending. Additionally, he could potentially decrease his chance of immediate detention or removal, subject to the current DHS memo.

(Supp. C.R. at 10).

Attached to the State's Original Answer as Exhibit C, Ira Chenkin filed an affidavit stating that she informed Appellant that "a plea of guilty could and likely

4

would result in collateral immigration consequences," and specifically told him that "he could be denied citizenship and naturalization if he pled guilty." (C.R. at 64).

## SUMMARY OF THE ARGUMENT

This appeal follows the denial of an application for writ of habeas corpus filed pursuant to 11.09 of the Texas Code of Criminal Procedure. Appellant complains that the trial court's denial of the application was an abuse of discretion in that Appellant was denied the effective assistance of counsel because his counsel failed to inform him of the immigration consequences of his plea. Appellant was harmed because if his attorney had informed him of the immigration consequences of his plea, he would not have pled guilty and would have insisted on going to trial.

## ARGUMENT

**ISSUE ONE: The trial court erred in denying Appellant's First Amended Application for Writ of Habeas Corpus.**

Appellant hereby incorporates by reference the Statement of Facts portion of this brief as set forth at 2-5, *supra.*

**A. Standard of Review**

An applicant for a writ of habeas corpus bears the burden of proving his allegations by preponderance of the evidence. *Kniatt v. State,* 206 S.W.3d 657,

664 (Tex. Crim. App. 2006). In reviewing the trial court's ruling on a habeas-corpus application, the court is to review the record evidence in the light most favorable to the court's ruling, and uphold the ruling absent an abuse of discretion. *Id.* In deciding whether a trial court abused its discretion the appellate court is to determine whether the trial court acted without reference to any guiding rules or principles, in other words, whether the court acted arbitrarily or unreasonably. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Montgomery v.* State, 810 S.W.2d 373, 391 (Tex. Crim. App. 1990)(op. on reh'g). the record. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991).

**B. Standard of Review for Ineffective Assistance of Counsel Claims**

To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different. *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). A defendant has the burden to establish both of these prongs by a preponderance of the evidence, and a failure to make either showing defeats his ineffectiveness claim. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). The court is to presume that counsel's conduct falls within the wide range

of reasonable professional assistance, and find counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

The test for challenges to the voluntariness of a plea based on ineffective assistance has been stated as (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not; (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52 (1985). If an attorney conveys erroneous information to his or her client, and the client enters a plea of guilty based upon that information, the plea is involuntarily based on ineffective assistance of counsel. *Fimberg v. State,* 922 S.W.2d 205, 207 (Tex. App. – Houston [1st Dist.] 1996, pet. ref'd).  It does *not* have to be shown that the case would have received a more favorable disposition had it gone to trial. *Johnson v. State,* 169 S.W.3d 223, 231 (Tex. Crim. App. 2005). The courts should look to whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill,* 474 U.S. at 56.

### C. Deficient Performance

Expanding on *Strickland*, in the United States Supreme Court Case, *Padilla v. Kentucky*, the Court held that failure to inform a client that a plea carries the risk of deportation is also ineffective assistance of counsel. 130 S. Ct. at 1486. "It is

7

quintessentially the duty of counsel to provide her client with available advice about an issue like deportation and the failure to do so "clearly satisfies the first prong of the Strickland analysis." *Id*. at 1484. Pursuant to the Supreme Court's ruling in *Padilla*, Mr. Gaston's counsel was ineffective in providing proper assistance of counsel. *Id.* at 1486. In *Padilla*, the defendant unknowingly pled guilty to a crime that subjected him to deportation proceedings. *Id.* at 1477-78. Like the defense attorney in *Padilla*, Mr. Chenkin neglected to properly advise Appellant of deportation consequences.

The Immigration and Nationality Act (INA) renders inadmissible to the country any alien with a controlled substance offense, regardless of the quantity. INA § 212 (a)(2)(A)(i)(II). "Because the drastic measure of deportation or removal is now virtually inevitable for a vast number of noncitizens convicted of crimes, the importance of accurate legal advice for noncitizens accused of crimes has never been more important." *Id*. at 1476. "[A]s a matter of federal law, deportation is an integral part of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes*." Id.* The Supreme Court based its notation that deportation is considered a part of the penalty because it has "previously recognized that "'[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence."" *Id.* (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 323 (2001)). As the Court pointed out in *Padilla,*

8

"the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence for Padilla's conviction."

In *Padilla*, the Supreme Court stated that:

Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of a private practitioner in such cases is more limited. When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. **But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.**

*Padilla*, 130 S. Ct. at 1483 (emphasis added). Similarly, in this case the statute is clear that a guilty plea to this offense would make him inadmissible.

**D. Prejudice**

Had Mr. Gaston been fully advised that his plea carried with it immigration consequences, he would not have pled guilty; therefore, he was prejudiced. Mr. Gaston's stated in his initial application for habeas corpus that his attorney "mentioned nothing to the matter of me facing immigration consequences," or that he would be facing deportation by pleading guilty. (C.R. at 11, 14) Mr. Gaston also stated in his affidavit filed with the trial court that if he had been informed of the possible immigration consequences, he would have pled not guilty and taken the case to trial. (Supp. C.R. at 6).

9

Mr. Gaston's plea was wholly involuntary. This representation is not only deficient but there is a reasonable probability that the outcome would have been different had the representation been sufficient.

### E. Conclusion

Based on the issues raised in Appellant's First Amended Writ of Habeas Corpus, Appellant was denied effective assistance of counsel, before entering a plea of guilty, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Texas Constitution. *See United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). Accordingly, his plea was involuntary and the trial court erred in denying his application for writ of habeas corpus.

**PRAYER**

Appellant prays to the Honorable Court to consider the issue raised herein and vacate the conviction in Cause Number 1658128 and order a new trial.

Respectfully submitted,

*/s/ Brittany Carroll Lacayo*
**BRITTANY CARROLL LACAYO**
TBA No. 24067105
212 Stratford St.
Houston, Texas 77006
Telephone: (713) 504-0506
Facsimile: (832) 442-5033

**COUNSEL FOR APPELLANT**

10

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9 of the Texas Rules of Appellant Procedure, the undersigned counsel of record certifies that Appellant's brief contains 2,430 words.

*/s/ Brittany Carroll Lacayo*
**BRITTANY CARROLL LACAYO**

**CERTIFICATE OF SERVICE**

I certify that a copy of this Brief for Appellant has been served upon the Harris County District Attorney's Office via facsimile on this 28th day of December, 2015.

*/s/  Brittany Carroll Lacayo*
**BRITTANY CARROLL LACAYO**
