ACCEPTED
01-14-00895-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/13/2015 4:16:25 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00895-CR

IN THE COURT OF APPEALS
FIRST DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/13/2015 4:16:25 PM

CHRISTOPHER A. PRINE
Clerk

LAMAR MARCELL HUNTER,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee

ON APPEAL FROM CAUSE NO. 12-CR-1921
10th DISTRICT COURT, GALVESTON COUNTY, TEXAS
HONORABLE KERRY L. NEVES JUDGE PRESIDING

BRIEF FOR THE APPELLANT

Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
TBN: 240429432
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone: 281-764-7071
Fax: 281-764-7071
Email: kyle@verretlaw.com

ATTORNEY FOR APPELLANT          ORAL ARGUMENT REQUESTED
DATE:  March 13, 2015

No. 01-14-00895-CR

IN THE COURT OF APPEALS
FIRST DISTRICT
HOUSTON, TEXAS


LAMAR MARCELL HUNTER,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee


BRIEF FOR THE APPELLANT


TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

LAMAR MARCELL HUNTER, the Defendant in Cause 12-CR-1921 in the

DISTRICT COURT, Galveston County, Texas, respectfully submits this brief, and

would respectfully show the Court the following:

# TABLE OF CONTENTS

Parties to the Case……………………………………………………………….iv

List of Authorities………………………………………………………….vi

Statement of the Case……………………………………………………viii

Statement Regarding Oral Argument……………………………………..viii

Issues Presented……………………………………………………………ix

Summary of the Argument……………………………………….……1

Appellant's First Point of Error……………………………………….....10

*The trial court's certificate of defendant's right to appeal erroneously limits Appellant's appeal in this matter to error in the punishment hearing. Appellee agrees that the trial court's certificate improperly limits Appellant's right to appeal.*

Standard of Review and Applicable Law…………………………………..10

Relevant Facts……………………………………………………………...10

Analysis…………………………………………………………….…11

Appellant's Second Point of Error…………………………………….....12

*The trial court abused its discretion by denying Appellant's motion for new trial on the basis of ineffective assistance of counsel. Viewing the evidence in a light most favorable to the trial court's ruling, there is no reasonable view of the record to support the finding that trial counsel did not render ineffective assistance of counsel sufficient to undermine confidence in the outcome of the proceedings. Trial counsel was ignorant of a point of law fundamental to Appellant's case that resulted in his failure to adequately advise Appellant. On account of trial counsel's errors, Appellant's plea was entered neither knowingly nor voluntarily.*

Standard of Review and Applicable Law……………………………………12

Analysis…………………………………………………………….....14

Deficient Performance…………………………………………………...15

*Trial counsel's ignorance of the law applicable to Appellant's case was unreasonable performance for defense counsel; his deficient performance was compounded by advising Appellant to plead guilty and seek deferred adjudication from the trial court*

Harm…...……………………………………………………….………...19

*There is a reasonable probability, sufficient to undermine confidence in the outcome of the case, that but for counsel's errors, the outcome of the proceedings against Appellant would have been different.*

Conclusion and Prayer……………………………………………….......24

Certificate of Service…………………………………….......................25

Certificate of Word Count……………………………...…….…………25

Appendix…………………………………………………………….…...26

# PARTIES TO THE CASE

APPELLANT:           LAMAR MARCELL HUNTER

Attorney for Appellant at Trial:

        Name:      Anthony Hernandez
        SBN:       09515550
        Address:   917 Franklin, Suite 320
                    Houston, Texas 77002
        Phone:    (713) 227-9200
        Fax:       (713) 227-9206

Attorney for Appellant at Motion for New Trial:

        Name:      Joel Bennett
        SBN:       00787069
        Address:   1100 Nasa Parkway, Suite 302
                    Houston, Texas 77058
        Phone:    (281) 389-2118
        Fax:       (866) 817-5155

Attorney for Appellant on Appeal:

        Name:      Joseph Kyle Verret
        SBN:       24042932
        Address:   The Law Office of Kyle Verret, PLLC
                    11200 Broadway, Suite 2743
                    Pearland, Texas 77584
        Phone:    (281) 764-7071
        Fax:       (281) 764-7071
        Email:     kyle@verretlaw.com

APPELLEE:           THE STATE OF TEXAS

Attorney's for the State at Trial:

        Name:      Xochitl Vandiver-Gaskin
        SBN:       2402939
        Address:   600 59th Street, Suite 100
                    Galveston, Texas 77550
        Phone:    (409) 766-2355
        Fax:       (409) 766-2290

Attorney for the State on Appeal:

       Name:      Virginia Rebecca Klaren
       SBN:       24046225
       Address:    Galveston County Criminal District Attorney's Office
                    600 59th Street, Suite 100
                    Galveston, Texas 77551
       Phone:     (409) 766-2355
       Fax:       (409) 766-2290

# LIST OF AUTHORITIES

**Constitutional Provision**

U.S. CONST. AMEND. V………………………………………………………….21

U.S. CONST. AMEND. VI………………………………………………………12

U.S. CONST. AMEND. XIV………………………………………………………21

TEX. CONST. ART. I, § 10………………………………………….……12

**Statutes**

Tex. Code Crim. Proc. Ann. Art. 44.02 (West Supp. 2013)………………………….10

Tex. Code. Crim. Proc. Ann. Art. 42.12 § 5(a) (Vernon Supp. 2003)………….……13

Tex. Code Crim. Proc. ann. 42.12 § 4 (Vernon Supp. 2003)…………………….....21

**Rules**

Tex. R.App. P. 25.2(a)(2)……………………………………………….10

**Appellate Decision**

*Anthony v. State,* No. 07-13-00890-CR, 2015 Tex. App. Lexis 1484 (Tex. App-Amarillo, February 12, 2015)…………………………………………..16,19

*Ex parte Battle*, 817 S.W. 2d. 81 (Tex. Crim. App. 1991)………………..……14,16

*Ex parte Mable,* 443 S.W. 3d 129, (Tex. Crim. App. 2014)…………………………14

*Ex parte Moody,* 991 S.W. 2d 856 (Tex Crim. App. 1999)…………………………..14

*Ex parte Moussazadeh,* 361 S.W. 3d 684……………………………………….....16

*Hernandez v. State*, 726 S.W. 2d 53 (Tex. Crim. App. 1986)…………….……….....12

*Hinton v. Alabama,* 134 S. Ct. 1081, 188 L. Ed. 2d 1 (U.S. 2014)……….……….13,16

*Hornell v. State*, No. 14-98-01082-CR, 2000 Tex. App. Lexis 4771 (Tex. App. Houston [14th Dist.] July 20, 2000, pet. ref'd) (mem. op., not designated for publication)………………………………………………….....21

*Lewis v. State*, No. 05-94-01137-CR, 1996 Tex. App. Lexis 463 (Tex. App. -- Dallas Jan. 17, 1996, pet. ref'd)(mem. op., not designated for publication)……………21

*Okonkwo v. State*, 398 S.W.3d 689 (Tex. Crim. App. 2013)………………………12,24

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)……………………………………………………….....12,13,14,16,23,24

*Wert v. State,* 383 S.W. 3d. 747 (Tex. App. – Houston -14[th] Dist.] 2012, no pet.)……………………………………………………………….…………13,19

*United States v. Grammas,* 376 F. 3d 433, 436 (5th Cir. Tex. 2004)………..…...16,17,23

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of Aggravated Sexual Assault of a Child, a first degree felony. (C.R. at 5). Defendant entered a plea of guilty to the charged offense without an agreed recommendation for punishment on March 5, 2014. (C.R. at 25). Defendant waived his right to a trial by jury and elected to have the trial court assess punishment. (2 R.R. at 5). After a hearing on the issue of punishment, Appellant was sentenced to twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice. (C.R. at 36).

Appellant filed a motion for new trial on September 26, 2014. (C.R. at 45). The court heard the motion for new trial on November 4, 2014. (3 R.R). The trial court denied the motion for new trial on November 4, 2014. (C.R. at 52). Notice of appeal was filed by Appellant on November 4, 2014. (C.R. at 56).

An agreed motion to abate this appeal to the trial court was filed on April 3, 2015. *See* Appendix A. The motion has not been ruled on at the time of filing of this brief.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument. Appellant avers that oral argument would be appropriate to discuss the prejudice Appellant suffered on account of trial counsel's errors.

## ISSUES PRESENTED

**Appellants First Point of Error:**

The trial court's certificate of defendant's right to appeal erroneously limits Appellant's appeal in this matter to error in the punishment hearing. The Appellee agrees that the trial court's certificate improperly limits Appellant's right to appeal.

**Appellants Second Point of Error:**

The trial court abused its discretion by denying Appellant's motion for new trial on the basis of ineffective assistance of counsel. Viewing the evidence in a light most favorable to the trial court's ruling, there is no reasonable view of the record to support the finding that trial counsel did not render ineffective assistance of counsel sufficient to undermine confidence in the outcome of the proceedings. Trial counsel was ignorant of a point of law fundamental to Appellant's case that resulted in his failure to adequately advise Appellant. On account of trial counsel's errors, Appellant's plea was entered neither knowingly nor voluntarily.

## SUMMARY OF THE ARGUMENT

Appellant's trial counsel rendered ineffective assistance of counsel causing Appellant to waive his right to a trial by jury on guilt-innocence, enter a plea of guilty, and elect for the trial judge to decide punishment. Trial counsel's performance was deficient where counsel was ignorant of an important point of law applicable to sentencing in Appellant's case: for a trial court to order a defendant to serve a term of deferred adjudication for the offense of aggravated sexual assault of a child, the court must make a factual finding that the order deferring adjudication is in the best interest of the victim. Trial counsel's ignorance of this important aspect of sentencing in Appellant's case resulted in counsel's failure to advise Appellant of this provision. Trial counsel's ignorance of the law also resulted in trial counsel advising Appellant that the best course of action was to plead guilty and request deferred adjudication from the trial court.

Appellant's resulting guilty plea was neither knowing nor voluntary as it was entered into with a flawed understanding of the law applicable to his case. Had Appellant known that the best interests of the victim was a necessary consideration by the trial court, Appellant would not have pled guilty to the trial court and would not have submitted the issue of punishment to the trial court; instead, Appellant would have demanded a jury trial on guilt-innocence and punishment.

STATEMENT OF FACTS

## The Charge and Plea

Appellant was charged by indictment with the offense of aggravated sexual assault of a child, against A.P., alleged to have occurred on or about the 19th day of April 2012. (CR at 5). Appellant retained Mr. Anthony Hernandez as his trial counsel. (C.R. at 14).

Appellant pled guilty to the charge offense with no agreed recommendation and asked the trial court to assess his punishment. (C.R. at 25-26). The guilty plea was not transcribed by the court reporter and is not part of the record.

## Punishment Trial Testimony

Detective Danielle Herman

Detective Herman of La Marque Police Department testified that she investigates primarily family violence, sexual assault and child abuse allegations. (2 R.R. at 8). She testified that the name Amy Peterson, A.P. , is a pseudonym used in the investigation of this case to protect the child complainant. (2 R.R. at 11-12). Detective Herman became involved in this matter after Children's Protective Services had been contacted regarding an allegation of abuse. (2 R.R. at 12). In conducting her investigation, Detective Herman had the Child Advocacy Center interview A.P. Herman interviewed A.P.'s mother, who she believed to be the outcry witness, and other adults involved. (2 R.R. at 13). A.P. was 17 years old at the time of the

investigation, and was believed to be ten years old at the time the alleged conducted was to have occurred. (2 R.R. at 13).

Detective Herman also interviewed Appellant. (2 R.R. at 14). Appellant confirmed that A.P. had lived with him and corroborated some details about the residence where he and A.P. had lived together. (2. R.R. at 15).

There was no physical evidence collected due to "the difference in when the offenses occurred and they were reported and investigated." (2 R.R. at 16).

Amy Peterson (A.P.)

The complainant, A.P., testified under her true name at trial. (2 R.R. at 21). She testified that she was studying Nursing at the College of the Mainland. (2 R.R. at 21). She grew up and graduated from high school in La Marque. (2 R.R. at 22). The Appellant is A.P.'s cousin, the nephew of her father. (2 R.R. at 23). When A.P. was nine years old she lived with Appellant at his father's house. (2 R.R. at 24). She testified that she lived in Appellant's father's house with her parents during the summer before she started fourth grade. (2 R.R. at 26-27). A.P. testified that Appellant was living in the same home and by then he was a married adult. (2 R.R. at 32).

A.P. testified that while she was living there, Appellant raped her. (2 R.R. at 27). A.P. testified that this happened at least five times, during the day. (2 R.R. at 30).

A.P. testified that she did not want to tell anyone because she didn't want to get in trouble. (2 R.R. at 31). She testified that after she and her parents moved out, she

3

"thought it wasn't really a big deal anymore until it started affecting [her]." (2 R.R. at 32). She testified that something she saw on television, combined with Appellant's presence in her life, caused her to finally tell her mother what had happened. (2 R.R. at 34-35).

A.P. testified that her disclosure broke the Hunter family apart. (2 R.R. at 36-37). A.P. testified that her father "became torn between his nephew and his daughter." (2 R.R. at 37). She feels that her family has turned on her since her outcry. (2 R.R. at 28). A.P. testified that she is afraid because she doesn't know whether Appellant would harm her. (2 R.R. at 40).

Jennifer Hunter

Jennifer Hunter is A.P.'s mother and Appellant's aunt. (2 R.R. at 44). She testified that A.P. was nine years old when they lived for a summer in the same house with Appellant. (2 R.R. at 44-46). Jennifer Hunter testified that Appellant was in his twenties when they were in the home. (2 R.R. at 46).

Jennifer Hunter testified that one day they were watching television and a scene played in which "little girl was laying in bed and someone came in and sat next to her and start stroking her," then A.P. put her hands over her ears and looked horrified. (2 R.R. at 47). Jennifer Hunter testified that A.P. ran from the room, and eventually told Jennifer that the Appellant had raped her. (2 R.R. at 47).

She testified that A.P. was approximately fifteen at the time of the outcry. (2 R.R. at 47). She testified that A.P. asked her not to tell anyone, so she did not. (2 R.R.

4

at 48). The outcry was eventually disclosed during a visit to A.P.'s doctor. (2 R.R. at 50).

Jennifer Hunter testified that since the outcry became public, she and A.P. have experienced hardship. She testified that A.P. has been scared since she shared her outcry. (2 R.R. at 52). On one occasion, someone blocked their driveway and chased A.P. "down the highway." (2 R.R. at 51). Jennifer separated from her husband because he was not supporting A.P. (2 R.R. at 51). Jennifer testified that A.P. is getting no support from extended family. (2 R.R. at 52).

Nicole Hunter

Ms. Nicole Hunter, the wife of Appellant for nine years, testified. (2 R.R. at 57). She has known Appellant since the sixth grade. (2 R.R. at 57). She testified that he is a good father and that she has no concerns of him spending time with their children. (2 R.R. at 56-64).

Geoffrey Hunter

Geoffrey Hunter, who is A.P.'s father and Appellant's uncle, testified. (2 R.R. at 64). He is a pastor. (2 R.R. at 65). He testified that "by punishing [Appellant] to the highest degree, will not -- it's going to just make everything much worse between both families. I don't want to see him away from his family." (2 R.R. at 67).

Appellant

Appellant testified in his defense. (2 R.R. at 70). He completed high school and some college. (2 R.R. at 70). He worked as a union boilermaker. (2 R.R. at 71). He is a father of two. (2 R.R at 71).

He testified that he was twenty-five at the time of the alleged offense, and is now thirty-five. (2 R.R. at 72). He testified that he has changed since the time of the offense; at the time, he did not realize the severity or consequences of what he was doing. (2 R.R. at 72).

After the hearing, the trial court sentenced Appellant to twenty years confinement. (C.R. at 36-39).

**Motion for New Trial**

Appellant retained Mr. Joel Bennett as counsel for Appellant's motion for new trial. (C.R. at 45-51). Appellant's motion alleged that trial counsel rendered ineffective assistance of counsel by failing to properly advise Appellant of the special factual finding regarding the best interest of the victim. (C.R. 49-51). The motion further alleged that, on account of trial counsel's deficient performance, Appellant's plea of guilty and waiver of his right to a jury trial were not made knowingly and voluntarily. (C.R. at 48, 50-51).

Anthony Hernandez

Trial counsel, Mr. Anthony Hernandez, testified during the motion for new trial hearing. (3 R.R. at 6). Trial counsel testified that he met with Appellant approximately a dozen times over the course of their attorney-client relationship. (3

R.R. at 7). Appellant's wife, Nicole Hunter, was present during some of these conversations. (3 R.R. at 9)

Trial counsel testified that he advised Appellant of the possible outcomes of his case. (3 R.R. at 8). He testified that he advised Appellant that probation was available for the charged offense, but not guaranteed. (3 R.R. at 8-9). Appellant and trial counsel agreed that their goal was to have Appellant receive community supervision. (3 R.R. at 9). Trial counsel testified that he knew that since the offense supposedly occurred in 2004, that the Appellant would have been eligible for non-deferred community supervision from a jury, but not from the judge. (3 R.R. at 10). Trial counsel testified that there had been multiple conversations between himself and the prosecutor, with Appellant present, that while Appellant was eligible for deferred adjudication, that the State was opposed to probation. (3 R.R. at 19). Trial counsel testified that the court also explained the availability of deferred adjudication and the penalty range. (3 R.R at 19).

Trial counsel advised Appellant that he would be eligible for probation from either the judge or a jury. (3 R.R. at 8). After numerous discussions with Appellant, trial counsel advised Appellant that he should plead guilty, request a presentence investigation, and have the judge assess punishment. (3 R.R. at 9). Trial counsel advised Appellant that he believed he was "a good candidate for… deferred." (3 R.R. at 21). Trial counsel admitted that he never discussed the requisite finding regarding the best interest of the victim with Appellant prior to his plea. (3 R.R. at 11). Trial

7

counsel was not aware of the required finding until new trial counsel contacted him. (3 R.R. at 22).

In response to the question of what types of facts the trial court might consider in making its determination regarding the victim's best interest, trial counsel responded:

> I understand it was a bad thing, but it was a family involved. And I explained to Mr. Hunter that going the route that we wanted to go would be in his best interest and his wife's best interest and his family's best interest; but maybe more importantly so, the victim's best interest and her family's best interest. We did discuss things like that and that's why we wanted –
> (3 R.R. at 12).

Trial counsel's explanation of how Appellant being granted deferred would be in A.P.'s best interest was: "So that she would not be subjected of having to go through a full-blown trial that would be quite traumatic on a young lady that's been involved in something like this." (3 R.R. at 13). Trial counsel stated that he called a witness, A.P.'s father, to establish whether the "family could possibly get back together again," but trial counsel never asked him whether probation for Appellant would be in A.P.'s best interest. (3 R.R. at 14-15). Trial counsel testified that he believed that there was testimony before the court which could have led the court to find that a deferred adjudication for Appellant was in A.P.'s best interest. (3 R.R. at 19-20).

Trial counsel testified that the attorney for the State informed him that the family did not want Appellant to be on probation; instead, A.P.'s family wanted Appellant "thrown under the jail." (3 R.R. at 16).

8

<u>Nicole Hunter</u>

Appellant's wife testified at the motion for new trial hearing. (3 R.R. at 24). She testified that she was present during conversations between Appellant and his attorney. (3 R.R. at 24). Nicole testified that the agreed goal for Appellant's case was for Appellant to get probation. (3 R.R. at 25). Trial counsel told Appellant that "he thought it would be best for Lamar to pled *[sic]* guilty and go in front of the Judge and have the -- the Judge would have mercy on him." (3 R.R. at 25).

Nicole testified that there was never any mention in their conversations of the necessary factual findings. (3 R.R. at 25).

<u>Appellant</u>

Appellant testified that he probably met with his trial counsel over a dozen times. (3 R.R. at 30). He testified that trial counsel advised him that a jury trial would not be in his best interest. (3 R.R. at 30). Appellant understood that probation was an option, but also understood that he could be punished for up to life in prison and fined up to $10,000. (3 R.R. at 31).

Appellant and trial counsel discussed the difference between deferred adjudication and regular community supervision. (3 R.R. at 32). Appellant understood the result of successfully completing deferred adjudication. (3 R.R. at 32).

Trial counsel never advised Appellant that the trial could not order Appellant to deferred adjudication unless the trial court made a finding that doing so was in the best interest of the victim. (3 R.R. at 33, 35). Appellant knew that A.P. wanted him to be in

9

prison. (3 R.R. at 34). He knew that A.P.'s family was opposed to him getting probation. (3 R.R. at 34-35).

Appellant testified that had he known that the trial court had to find that deferred adjudication was in A.P.'s best interest, Appellant would not have pled guilty. (3 R.R. at 36). Instead, he would have "put it in the hands of the jury." (3 R.R. at 33).

## APPELLANT'S FIRST POINT OF ERROR

*The trial court's certificate of defendant's right to appeal erroneously limits Appellant's appeal in this matter to error in the punishment hearing. Appellee agrees that the trial court's certificate improperly limits Appellant's right to appeal.*

Standard of Review and Applicable Law

A defendant appealing a judgment from a criminal cause may only have his right to appeal limited in plea bargain cases. Tex. R.App. P. 25.2(a)(2); Tex. Code Crim. Proc. Ann. Art. 44.02 (West Supp. 2013).

Relevant Facts

The trial court's certificate of defendant's right of appeal limits his right of appeal to "punishment only". (C.R. at 41). There was no consideration given for Appellant's plea of guilty. The court's admonishment's to the Appellant show that he plead with no agreement as to punishment or a limiting of the penalty range. (C.R. at 25-26). The parties to this appeal filed an agreed motion to abate this appeal to correct the trial court's certificate of defendant's right to appeal. *See* Agreed Motion to Abate Appeal, filed with this Court on April 3, 2015 and attached as Appendix A

10

<u>Analysis</u>

The trial court's Certificate of Defendant's Right to Appeal was defective as it erroneously limited Appellant's right to appeal issues arising only from the punishment hearing. A defendant appealing a judgment from a criminal cause may only have his right to appeal limited in plea bargain cases. Tex. R.App. P. 25.2(a)(2); Tex. Code Crim. Proc. Ann. Art. 44.02 (West Supp. 2013).

The trial court amended the certificate of defendant's right to appeal by adding the language "punishment only," after certifying that this matter "is not a plea-bargain case". (C.R. at 41). Appellant's plea was not bargained for and no consideration was given on the part of the State in exchange for Appellant's plea. His plea was an open plea to the court. (C.R. at 25-26). The State of Texas, Appellee, agrees that the Certificate of Defendant's Right to Appeal erroneously limited Appellant's right to appeal to punishment only. In order to attempt to correct the trial court's error, the Appellant and Appellee filed an agreed motion to abate this appeal to the trial court based on the defective certificate. *See* Agreed Motion to Abate Appeal filed with this Court on April 3, 2015.

Appellant prays that this Court find that the trial court erred by limiting Appellant's right to appeal to punishment only, and consider Appellant's arguments in the following points of error as to both the plea and punishment proceedings.

11

## APPELLANT'S SECOND POINT OF ERROR

*The trial court abused its discretion by denying Appellant's motion for new trial on the basis of ineffective assistance of counsel. Viewing the evidence in a light most favorable to the trial court's ruling, there is no reasonable view of the record to support the finding that trial counsel did not render ineffective assistance of counsel sufficient to undermine confidence in the outcome of the proceedings. Trial counsel was ignorant of a point of law fundamental to Appellant's case that resulted in his failure to adequately advise Appellant. On account of trial counsel's errors, Appellant's plea was entered neither knowingly nor voluntarily.*

Standard of Review and Applicable Law

A trial court's denial of a motion for new trial is reviewed for an abuse of discretion. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). An abuse of discretion may be found where no reasonable view of the record could support [the trial court's] ruling." *Id*. The reviewing court reviews the evidence in a light most favorable to the court's ruling. *Id*.

The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution provide that an accused in a criminal trial has the right to counsel. U.S. CONST. AMEND. VI; TEX. CONST. ART. I, § 10. The right to counsel includes the right to effective counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2D 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986).

Claims of ineffective assistance of counsel are reviewed under the *Strickland v. Washington* standard. *Strickland*, 466 U.S. 668. To be successful on a claim of ineffective assistance of counsel, an appellant must prove that "trial counsel's representation was deficient and that the deficient performance was so serious that it deprived appellant of a fair trial." *Wert v. State,* 383 S.W. 3d. 747, 752 (Tex. App. – Houston -14th Dist.] 2012, no pet.), *citing Strickland*, 466 U.S. at 687.

First, an appellant must show "that counsel's performance fell below an objective standard of reasonableness." *Id.* at 752, citing *Strickland*, 466 U.S. at 688. A criminal defense attorney has a duty to understand the law applicable to his client's case. Trial counsel's "ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Hinton v. Alabama*, 134 S. Ct. 1081, 1089, 188 L. Ed. 2d 1, 9 (U.S. 2014).

A point of law fundamental to Appellant's case is that a judge may place a defendant who has pled guilty or nolo contendere to the offense of Aggravated Sexual Assault of a Child on deferred adjudication only if the trial court finds that it is in "the best interest of the victim" for the defendant to be on deferred adjudication community supervision. Tex. Code Crim. Proc. Ann. Art. 42.12 § 5(a) (Vernon Supp. 2003).

Second, an appellant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Wert*, 383 S.W.3d at 752, *citing Strickland*, 466 U.S. at 694. A "reasonable probability"

13

under *Strickland* is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

A defendant's election to plead guilty "when based upon erroneous advice of counsel is not done voluntarily and knowingly." *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). In the context of determining whether a defendant's waiver of his numerous constitutionally protected rights and entry of a guilty plea is involuntary, the second prong of Strickland is met where "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex parte Moody*, 991 S.W.2d 856, 857-858 (Tex. Crim. App. 1999).

The Court of Criminal Appeals has found that "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). The court found that this requires the accused to have "sufficient awareness of the relevant circumstances." *Id*. The court stated that the standard is "whether the plea is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.*

Analysis

The trial court abused its discretion by denying Appellant's motion for new trial. The performance of Appellant's trial counsel fell below an objective standard of reasonableness where trial counsel did not fully understand that law applicable to

14

Appellant's case. On account of his ignorance of the applicable law, trial counsel gave Appellant specific advice to plead guilty and seek deferred adjudication from the trial court. The record is clear that trial counsel was ignorant of "the best interest of the victim" factual finding required for the trial court to impose a deferred adjudication order in Appellant's case. (3 R.R. at 22). The record is clear that on account of trial counsel's ignorance of the law applicable to Appellant's case, he advised Appellant to plead guilty and proceed to the trial court on punishment. (3 R.R. at 9, 21). Relying on his counsel's professional advice, Appellant entered a plea of guilty, and elected to have the trial judge assess punishment. Had Appellant known of the best interest of the victim finding required of the trial court, he would have demanded a jury trial instead of entering a plea of guilty and electing for the court to assess punishment. (3 R.R. at 33, 35-36).

*Trial counsel's ignorance of the law applicable to Appellant's case was unreasonable performance for defense counsel; his deficient performance was compounded by advising Appellant to plead guilty and seek deferred adjudication from the trial court*

Trial counsel's performance fell below an objective standard of reasonableness where, during the course of his representation of Appellant, trial counsel was unaware of a point of law that was fundamental to Appellant's case: the requirement that the trial court make a finding regarding the best interest of the victim. (3 R.R. at 22). Trial counsel's "ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of

15

unreasonable performance under *Strickland*." *Hinton*, 134 S. Ct. at 1089. The principles applicable to punishment are fundamental to the defense of a criminal charge. For example, counsel is deficient for failure to understand punishment range, *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. Tex. 2004); probation eligibility, *Battle*, 817 S.W.2d at 83; deferred adjudication eligibility, *Anthony v. State*, No. 07-13-00890-CR, at *5, 2015 Tex. App. LEXIS 1484 (Tex. App. – Amarillo, February 12, 2015) (mem. op., not designated for publication).; and parole eligibility, *Ex parte Moussazadeh*, 361 S.W.3d 684, 691-92 (Tex. Crim. App. 2012).

Trial counsel admitted that, until he was contacted by new trial counsel, he did not know that for the trial court to order the Appellant to deferred adjudication that the court was required to make a finding that doing so was in the best interest of the victim. (3 R.R. at 22).

Furthermore, it is evident from a review of the record from the punishment hearing that trial counsel did not know about the required best interest of the victim finding. Trial counsel did not present any evidence at trial or make any argument to support the premise that deferred adjudication for Appellant would be in A.P's best interest. He did not ask one question on cross-examination or direct-examination regarding A.P.'s best interest, nor did he once argue the point in his closing.

The State may argue that trial counsel testified that he did present evidence that deferred would be in A.P.'s best interest by way of the testimony of A.P.'s father. Trial counsel testified that he called Geoffrey Hunter, A.P.'s father, to establish "if this

16

family could possibly get back together again." (3 R.R. at 14-15). Mr. Geoffrey Hunter did not testify that Appellant being granted deferred adjudication or being released on probation would be in A.P.'s best interest. He did not testify that the family staying together would be in A.P.'s best interest. He testified that he had forgiven Appellant. (2 R.R. at 65). He testified that "a punishment to the highest degree" would "make everything much worse between both families." (2 R.R. at 67). He testified that he did not want to see Appellant away from his family. (2 R.R. at 67). Nowhere in his testimony did he mention how Appellant being released on probation would be in A.P.'s interest.

Trial counsel's closing argument focused on Appellant's interests. (2 R.R. at 88-90). The only mention of A.P. was counsel's opinion that she had, contrary to the evidence presented by the State, "gone on with her life." (2 R.R. at 89).

Trial counsel's ignorance of the law applicable to Appellant's case resulted in trial counsel understating the dangers of electing to have the trial court assess punishment on a guilty plea. "By grossly underestimating" the dangers of pursuing a course of action, an attorney "breaches his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable." *Grammas*, 376 F.3d at 437. In light of the desires of the victim and her family, counsel's advice to Appellant that the best course of action for his case was to plead guilty and request deferred adjudication from the court grossly underestimated the risk Appellant faced by entering a plea of guilty. (3 R.R. at 9, 31). He advised Appellant

17

that a jury trial would not be in his best interest. (3 R.R. at 33). This deficiency was further aggravated by counsel's advice that Appellant was "a good candidate for… deferred." (3 R.R. at 21).

The evidence in the record does not support trial counsel's contention that Appellant would be a "good candidate" for deferred adjudication under the law applicable to this case. Trial counsel knew that A.P. and her family wanted Appellant to go to prison; they wanted him "thrown under the jail." (3 R.R. at 16). A.P. was scared of Appellant. (2 R.R. at 36-37, 51-52). Since A.P.'s outcry, their family has been hewn apart. (2 R.R. at 37). There is no interpretation of these facts, which were, or reasonably should have been, within defense counsel's knowledge, that equate Appellant being on deferred adjudication to the best interest of the victim.

Counsel's advice that Appellant plead guilty and seek community supervision from the trial court because he was a "good candidate" for deferred adjudication was deficient performance below any objective standard of performance for criminal defense counsel.

The record is clear that trial counsel was ignorant of the best interest of the victim factual finding in Article 42.12. He did not adduce evidence to support the finding and did not argue that the trial court should make the finding. Most importantly, he admitted at the motion for new trial hearing that he did not learn about the requirement for the factual finding until after Appellant's punishment hearing was over. (3 R.R. at 22). Appellant demonstrated at the motion for new trial that trial

18

counsel's performance was deficient and "fell below an objective standard of reasonableness." *Wert*, 383 S.W.3d at 752.

*There is a reasonable probability, sufficient to undermine confidence in the outcome of the case, that but for counsel's errors, the outcome of the proceedings against Appellant would have been different.*

The deficiencies in the representation and professional advice provided to Appellant by trial counsel resulted in sufficient harm to the Appellant to undermine confidence in the outcome of this case. The "proper functioning of our adjudicatory process and public confidence in the integrity of such proceedings" are undermined where a person's "relinquishment of important legal rights" are made following the unsound advice of their legal counsel. *Anthony*, No. 07-13-00890-CR, at \*8. A criminal defendant, in "his attempt to understand the law and make an intelligent choice as to whether to plead guilty and forego a jury trial… should [be] able to confidently rely on the advice of his legal counsel." *Id*. at \*7.

In the present matter, on account of Appellant's trial counsel's ignorance of the law, Appellant was deprived of the information he needed to be capable of knowingly and voluntarily waiving his right to a jury trial and entering a guilty plea. As Appellant's plea was based on trial counsel's erroneous advice, his plea was not made knowingly and voluntarily. Had Appellant known that the trial court was required find that it was in the best interest of the victim for him be ordered to community supervision, he would not have proceeded as he did. He would not have pled guilty

19

and would have proceeded to a jury trial. (3. R.R. at 33, 36).

Appellant testified that had he fully understood the law applicable to his case he would not have pled guilty to pursue deferred adjudication from the trial court. (3 R.R. at 35-36). Appellant testified that had he known that the trial court had to make a specific finding that it was in the best interest of the victim for him to be ordered to community supervision, he would not have waived his right to a jury trial and would not have pled guilty. (3 R.R. at 33,36). He said that knowing of the factual finding requirement was significant to him, because "if that was the case, knowing that I wouldn't – if they wouldn't – if I wasn't going to get probation, I would have put it in the hands of the jury." (3 R.R. at 33). Appellant testified that had known the law applicable to his case, he would have taken a chance with the jury to try to get probation from the jury: "Because of the fact that going a route where I didn't know I have any chances for probation would have changed my mind so I could take the chances to have probation so I could be with my family." (3 R.R. at 33).

While he did not explicitly state so on the record, it can be inferred from his testimony that Appellant knew that the trial court would be unlikely to find that it was in A.P.'s best interest for him to be given deferred adjudication community supervision. Trial counsel and Appellant knew that A.P., the alleged victim, and her family did not want Appellant to be sentenced to any type of community supervision. (3 R.R. at 16, 34). In fact, trial counsel knew that A.P.'s family was "extremely opposed" to probation and wanted Appellant "thrown under the jail." (3 R.R. at 16).

20

Furthermore, since A.P.'s family learned of her outcry, her family has been torn apart. (2 R.R. at 36-37). A.P.'s parents separated because of her father's decision not to support A.P. (2 R.R. at 51). A.P. is also scared to go outside and is afraid of Appellant. (2 R.R. at 40, 51-52). Appellant provided no financial assistance and no other economic support to A.P. (3 R.R. at 34). He knew that A.P. and her family wanted him in prison and had rejected the idea that he be sentenced to probation. (3 R.R. at 34-35).

Had Appellant known of the requisite best interest of the child finding, he would have "put it in the hands of the jury." (3 R.R. at 33). Had the Appellant taken the case to a jury trial, he would have had the opportunity to exercise his right to present a defense, silence, confrontation and cross-examination of witnesses, the presumption of innocence, and the right to have a jury of his peers determine whether the State had proven their case beyond a reasonable doubt. U.S. CONST. AMEND. V, VI, XIV; TEX. CONST. ART. I, § 10. Furthermore, under the law applicable to the case, if a jury had convicted Appellant, the jury could have recommended to the trial court that the Appellant be sentenced to a term of community supervision. Tex. Code Crim. Proc. Ann 42.12 § 4 (Vernon Supp. 2003).[1] (2 R.R. at 5-6). Appellant filed a sworn application for probation stating that he had never before been convicted of a felony,

---

[1] The law applicable to probation eligibility is "a substantive rather than a procedural matter" determined based on the date of the alleged offense. *Lewis v. State*, No. 05-94-01137-CR at *37, 1996 Tex. App. LEXIS 463 (Tex. App. -- Dallas Jan. 17, 1996, pet. ref'd) (mem. op., not designated for publication).; *Hornell v. State*, No. 14-98-01082-CR at *2, 2000 Tex. App. LEXIS 4771 (Tex. App. Houston [14th Dist.] July 20, 2000, pet. ref'd) (mem. op., not designated for publication).

so he would have been eligible, if convicted, for jury recommended community supervision. (C.R. at 32).

In other words, Appellant was prejudiced because he did not know about an important consideration required of the trial court to grant him deferred adjudication community supervision. Furthermore, contrary to the facts of the case within counsel's knowledge, Appellant's trial counsel told him he would be a "good candidate" for deferred adjudication. Any reasonable criminal defense counsel would have informed the Appellant of the existence of the best interest of the victim finding and would have discussed how the facts of Appellant's case would apply to that consideration. Knowing the feelings of the victim and her family regarding Appellant being released on probation, and knowing the stressed state of their mutual family, it can be reasonably inferred that had Appellant been appropriately advised, he would have concluded that the trial judge would not find that it was in the "best interest of the victim" for him to be given probation. This inference is supported by Appellant's testimony that had he known about the required finding he would have elected a jury trial over the course of action recommended by his attorney. At the very least, had Appellant known about the required best interest of the victim finding, he could have had a frank discussion with his attorney regarding counsel's opinion of the likelihood of Appellant being granted deferred adjudication. On account of counsel's deficient performance, Appellant was deprived of the opportunity to meaningful consider the risks inherent in his guilty plea. Appellant's decision to forgo a jury trial and pursue

22

deferred adjudication from the trial court was not "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Mable*, 443 S.W.3d at 131.

The Fifth Circuit has found that where a "defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court." *Grammas*, 376 F.3d at 436. In this present matter, Appellant lacked "a full understanding of the risks" of entering his guilty plea and electing for the trial court to assess punishment. His lack of "a full understanding" of law pertaining to the factual finding required of the trial court in order to obtain his objective of community supervision resulted in Appellant's plea and waiver of rights being made without the constitutionally required volition and knowledge.

In the context of a guilty plea, the second prong of *Strickland* is met where, but for counsel's errors, the defendant would have chose not to plead guilty and would have instead chose to go to trial. *Moussazadeh*, 361 S.W.3d at 691. At the motion for new trial, Appellant demonstrated that but for his trial counsel's errors, he would have chose to go to trial instead of entering a guilty plea. In his words, he would have "put it in the hands of the jury." (3 R.R. at 33). The confidence in the outcome of the proceedings against Appellant was undermined where Appellant's plea of guilty and waiver of rights was based on trial counsel's deficient performance.

Viewing the evidence presented in a light most favorable to the trial court's decision, this Court should find that the trial court abused its discretion by

23

finding that Appellant was not prejudiced by trial counsel's errors. A trial court abuses its discretion where "no reasonable view of the record could support [the trial court's] ruling." *Okonkwo,* 398 S.W.3d at 694. Trial counsel's performance was unreasonably deficient. The evidence presented at the motion for new trial clearly shows that had Appellant known the law applicable to his case, he would not have pled guilty and would have proceeded to a jury trial. On account of trial counsel's error's Appellant's plea was not entered knowingly and voluntarily. This court should find that there is no reasonable view of the record that supports the trial court's denial of Appellant's motion for new trial.

## CONCLUSION AND PRAYER

There is no reasonable view of the record that supports the trial court's decision to deny Appellant's motion for new trial. The trial court abused its discretion by finding that trial counsel did not provide deficient representation to Appellant and that Appellant was not prejudiced by the deficient representation. Furthermore, the trial court abused its discretion by finding that Appellant knowingly and voluntarily entered his guilty plea and waiver of his constitutional rights.

Wherefore, Appellant prays that this Court find that the trial court abused its discretion in denying Appellant's motion for new trial. Appellant prays that this trial court overturn Appellant's conviction and return Appellant to his position prior to entering his guilty plea. Appellant prays for any and all other relief to which Appellant may be entitled and that this Court may find is just and right.

24

Respectfully submitted,

/s/ Joseph Kyle Verret
Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
TBN: 240429432 47
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone: 281-764-7071
Fax: 281-764-7071
Email: kyle@verretlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Appellant's Brief has been served on counsel for the Appellee, Rebecca Klaren, Assistant Criminal District Attorney of Galveston County, Texas by service through electronic filing on this 13th day of March, 2015.

/s/Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932

## CERTIFICATE OF WORD COUNT

I do hereby certify that the total word count for this document is 6,342 excluding those parts specifically excluded in Texas Rule of Appellate Procedure 9.4(i)(1) which is less than 15,000 words allowed per Texas Rule of Appellate Procedure 9.4.


/s/Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932

**APPENDIX**

**<u>APPENDIX A</u>**

ACCEPTED
01-14-00895-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/3/2015 6:17:02 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00895-CR

## In the First Court of Appeals, Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/3/2015 6:17:02 PM

CHRISTOPHER A. PRINE
Clerk

## LAMAR MARCELL HUNTER
## Appellant

## v.

## THE STATE OF TEXAS
## Appellee

## Appellant's Agreed Motion to Abate Appeal to Correct

## Trial Court's Certification of Defendant's Right to Appeal

Respectfully Submitted by:

Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
TBN: 240429432
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone: 281-764-7071
Fax: 281-764-7071
Email: kyle@verretlaw.com

Submitted:
February 3, 2015

**In the First Court of Appeals,**
**Houston, Texas**

**LAMAR MARCELL HUNTER**
**Appellant**

**v.**

**THE STATE OF TEXAS**
**Appellee**

**Appellant's Agreed Motion to Abate Appeal to Correct**

**Trial Court's Certification of Defendant's Right to Appeal**

Comes now, Appellant, by and through his undersigned counsel, in the above styled cause and moves this Honorable Court to abate this appeal to the trial court so that the defective trial court's certification of defendant's right to appeal may be corrected. In support of this motion, Appellant would show the following:

1. The trial court in this cause prepared a certification of defendant's right to appeal, which is included in the clerk's record on appeal in this cause at page 41 and is appended to this motion.

2. The trial court erroneously certified that Appellant's right to appeal was limited to punishment only.

3. The Appellant entered a plea of guilty in this matter and waived his right to a trial by jury without any consideration in exchange from the

State for his waiver.  See Clerk's Record page 25-26.

4. The record is devoid of any evidence that Appellant may have waived his right to appeal in exchange for some consideration from the State. Furthermore, the State agrees there was no bargain in exchange for the Appellant's guilty plea.

5. An appellant from a criminal cause may only have his right to appeal limited in plea bargain cases, or in limited other circumstances, which do not apply to this matter.  TEX. R. APP. PROC. 25.2(a)(2).

6. The proper remedy for a defective certification of right to appeal is abatement to the trial court for correction of the certification by the court and signature by the Appellant.  *Harris v. State*, 137 S.W.3d 829 (Tex. App. Waco 2004); *Menjivar v. State*, 2008 Tex. App. LEXIS 437 (Tex. App. -- Houston [1st Dist.] Jan. 17, 2008); TEX. R. APP. PROC. 25.2(d).

### PRAYER FOR RELIEF

For the reasons set forth above, Appellant requests that this Court grant this Agreed Motion to Abate Appeal to Correct Trial Court's Certification of Defendant's Right to Appeal and abate this appeal to the trial court to correct the defect in the certification of defendant's right to appeal and secure the signature of the Appellant / Defendant.

Respectfully submitted,

/s/ Joseph Kyle Verret
Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
TBN: 240429432
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone / Fax: 281-764-7071
Email: kyle@verretlaw.com

## Certificate of Service

I certify that a true and correct copy of the foregoing Appellant's Agreed Motion to Abate Appeal to Correct Trial Court's Certification of Defendant's Right to Appeal was served on this 3rd day of February, 2015 on the Counsel for the Appellee, Rebecca Klaren, at the Galveston County Criminal District Attorney's Office by e-service through electronic filing.

/s/ Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932

## Certificate of Conference

I certify that I have conferred with the attorney for the State on this appeal, Rebecca Klaren, Assistant District Attorney of Galveston County. I further certify that the State of Texas, the Appellee, AGREES with this motion.

/s/ Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932

Appendix

CAUSE NO. 12CR1921

THE STATE OF TEXAS                                    §                    IN THE DISTRICT COURT OF

vs.                                                          §    2014 AUG 28 PM 3:56    GALVESTON COUNTY, TEXAS

LAMAR MARCELL HUNTER                          §                    10TH JUDICIAL DISTRICT

DISTRICT CLERK
GALVESTON COUNTY, TEXAS

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, Judge of the trial court, certify this criminal case:

[✓]  is not a plea-bargain case, and the defendant has the right of appeal [or] *punishment only*

[ ]  is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

[ ]  is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

[ ]  is a plea-bargain case, and the defendant has NO right of appeal. [or]

[ ]  the defendant has waived the right of appeal.

_____                    ___8-28-14_____
Judge                                                              Date Signed

I have received a copy of this Certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only thirty (30) days in which to file a *pro se* petition for discretionary review in the court of criminal appeals. TEX. R. APP.P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

X_____                    _____
Defendant                                              Defendant's Counsel

State Bar No. 09515550

Mailing Address: 2917 John                    Mailing Address: 917 Franklin, Ste. 320
Dr La Marque TX 77568                         Houston, TX, 77002
Telephone Number: (469) 354-3341          Telephone Number: 713 227-9280

Fax Number (if any): (   )_____          Fax Number (if any): 713 227-9286

12-CR-1921
DCTRC
Trial Court's Certification and Defendant's Righ
914543

Effective October 18, 2011

41

**WRITTEN PLEA ADMONISHMENTS-WAIVERS-STIPULATIONS**
**OFFENSES COMMITTED ON OR AFTER 09/01/1997**
**10TH JUDICIAL DISTRICT COURT**
**GALVESTON COUNTY, TEXAS**

No. **12CR1921**                                    Date: **03/05/2014**

To: **LAMAR HUNTER**, Defendant

Pursuant to Art. 26.13 C.C.P., you are hereby admonished by the Court in writing as follows:

1.  You are charged with the felony offense of:
    **AGGRAVATED SEXUAL ASSAULT OF A CHILD**

2.  If convicted, you face the following range of punishment:

(✓)  **FIRST DEGREE FELONY:** A term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a possible fine not to exceed $10,000.00

( )  **SECOND DEGREE FELONY:** A term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a possible fine not to exceed $10,000.00

( )  **THIRD DEGREE FELONY:** A term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice; and in addition, a possible fine not to exceed $ 10,000.00. Range of punishment increased to 25- life with two (2) enhancements.

( )  **STATE JAIL FELONY:** A term of not more than 2 years or less than 180 days in a state jail and in addition, a possible fine not to exceed $ 10,000.00.

( )  _____

3.  **PLEA BARGAINS:** If no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court. If a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea. Should the court reject the agreement you will be entitled to withdraw your plea.

4.  **PERMISSION TO APPEAL:** Where your plea of guilty or nolo contendere (no contest) is voluntarily and understandingly entered with a plea bargain agreement and the punishment assessed does not exceed the agreement between you and the prosecutor, the court must give permission before you can appeal on any matter in the case except for those matters raised by written motion filed *and ruled on* prior to trial. **Where your plea of guilty or nolo contendere is voluntarily and understandingly entered without a plea bargain agreement, the plea waives or forfeits the right to appeal a claim of error pertaining to guilt only when the judgment of guilt was rendered independent of, and is not supported by, the error.**

5.  **CITIZENSHIP:** If you are not a United States citizen, a plea of guilty or nolo contendere may result in deportation, exclusion from admission to the country, or denial of naturalization under federal law.

6.  **DEFERRED ADJUDICATION:** If the Court defers adjudicating your guilt and places you on community supervision, a violation of any condition of community supervision may result in proceedings being initiated whereby you are arrested and detained, as provided by law, for a hearing by the Court limited to a determination of whether to proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After adjudication of guilt, all proceedings including pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt had not been deferred. In addition, after adjudication of guilt the punishment assessed may be any term within the range for the offense and is not limited to the term of community supervision.

7.  SEX OFFENDER REGISTRATION PROGRAM: If convicted of or placed of deferred adjudication for an offense for which you are subject to registration under the Sex Offender Registration Program (Chapter 62 Texas Code of Criminal Procedure), you will be required to meet those registration requirements.

Comes now the Defendant, joined by my counsel, and states that **I understand the foregoing admonishments from the Court and am aware of the consequences of my plea. I further state that I am mentally competent, that my plea is freely and voluntarily made.** If counsel is appointed, I waive any time provided me by law to prepare for trial under Art. 1.051 C.C.P. I am totally satisfied with the representation provided by my attorney who provided fully effective and competent representation. Under Art. 1.14 C.C.P. I give up all rights given to me by law, whether of form, substance or procedure, including any time limitations imposed under the U.S. Constitution or Chapter 32 C.C.P. Joined by my attorney, **I give up all right to a jury in this case under Art. 1.13 C.C.P., and I give up my right to appearance, confrontation and cross examination of witnesses as to guilt under Art. 1.15 C.C.P.,** ~~and as to punishment.~~ **I consent to oral and written stipulations of evidence in this case.** I have read and my attorney has explained to me the indictment or information filed against me in this cause. I voluntarily waive reading of the indictment or information ( and acknowledge timely service of a copy of same) and voluntarily waive the arraignment period pursuant to Art. 26.03 C.C.P. I also waive the right to be accused by indictment where proceeding by information pursuant to Art. 1.141 C.C.P. I also give up my right to confidentiality pursuant to Art. 42.12(9)(j), C.C.P. if a pre-sentence report is filed. I freely and voluntarily waive my right to have a court reporter make a record of the court proceedings in my case. I also waive and give up the 30 days provided in which to file a Motion for New Trial, Motion for Arrest of Judgment and Notice of Appeal. **I completely understand all of the written waivers, stipulations and motions herein stated in connection with the plea, and each was done freely, voluntarily, and intelligently.** ~~The State and I mutually recommend to the Court that punishment in this cause be assessed at:~~

_____

Open Plea to the Court

_____

_____

12 – CR – 1921
DCADWS
Admonishment – Waiver – Stipulation to Evic
813469



25

( ) **BOOT CAMP** _____ ( ) Years in the Institutional Division of TDCJ with the recommendation of State Boot Camp, provided, however, that should the Defendant be declared ineligible for said program or fail to successfully complete said program, for any reason, the Defendant shall serve said penitentiary sentence pursuant to law.

_____
Defendant

( ) **GUILTY PLEA:** Understanding and agreeing to all of the above, I freely and voluntarily plead **GUILTY** and confess my GUILT to having committed each and every element of the offense alleged in the indictment or information by which I have been charged in this cause and I agree and stipulate that the facts contained in the indictment or information are true and correct and constitute the evidence in this case. Where the State is proceeding on a lesser included offense arising out of said indictment or information, I plead GUILTY and confess my GUILT to having committed each and every element of the lesser included offense only.
( ) **I plead true to the enhancements plead in this cause and not abandoned by the State.**

_____
Defendant

( ) **NOLO CONTENDERE PLEA:** Understanding and agreeing to all of the above, I freely and voluntarily plead NOLO CONTENDERE (NO CONTEST) to the indictment or information by which I have been charged in this cause and agree and stipulate that the elements of the offense and the facts alleged therein constitute the evidence in this case. Where the State is proceeding on a lesser included offense arising out of said indictment or information, I plead **NOLO CONTENDERE (NO CONTEST)** to the elements of the lesser included offense and agree and stipulate that the elements of the lesser included offense and the facts of said offense as alleged constitute the evidence in this case. ( ) **I plead true to the enhancements plead in this cause and not abandoned by the State.**

_____
Defendant

Sworn to and subscribed to before me by the Defendant on this date.

JOHN D. KINARD, DISTRICT CLERK
GALVESTON COUNTY, TEXAS

By:_____
Deputy District Clerk

We join in and approve the plea agreement, all waivers and stipulations made above by this Defendant including the Defendant's waiver of trial by jury. We also agree that the Defendant is legally competent to stand trial. We also agree that all statements of the Defendant were freely and voluntarily made and that the Defendant's plea was freely and voluntarily entered and he understands the Court's Admonitions given to him in accordance with Art. 26.13 C.C.P. and that he is aware of the consequences of his plea. The Court duly arraigned the Defendant in accordance with Chapter 26 C.C.P.

_____
Assistant Criminal District Attorney

_____
Presiding Judge

_____
Counsel for Defendant

STATE'S EXHIBIT NO. 1

Rev. 11/07

26